UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TYRONE DWAYNE MILLER,

      Plaintiff,

v.

STATE OF MINNESOTA ET. AL.,
JESSE VANTURA, TIM PAWLENTY,
MIKE HATCH, RICHARD VARGO JR.,
LORI SWANSON, SHERYL RAMSTED
HASS, and RICHARD ANDERSON,

      Defendants.

Civil No. 08-6555 (JRT/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is attempting to sue the State of Minnesota, and various past and present high-ranking Minnesota government officials, including governors and attorneys general. It appears that Plaintiff is attempting to hold Defendants liable for a host of misfortunes that allegedly have befallen him during the past 37 years. He broadly alleges that Defendants have conspired to violate his federal constitutional rights by, inter alia, (i) failing to properly

1

diagnose his alleged liver and kidney failure in 1972-73, (ii) allowing him to be trampled, and to fall on a rusty nail, at a musical concert in 1975, (iii) providing inadequate or improper medical care for his bleeding bladder in 1983 or 1984, (iv) wrongly detaining him in jail and prison from 2001 to 2003; (v) failing to provide adequate medical care for his pre-existing liver, kidney and bone disease, and aggravating his post traumatic stress syndrome, while he was confined in state prison; (vi) enacting legislation that created new criminal offenses, (for which Plaintiff apparently was convicted), and (vii) preventing him from retaining private counsel to help him bring various legal actions.  Plaintiff is seeking a "very, very, very, very, very large sum... for money damages and punitive damages for all... past and present continued pain and suffering, wrongful imprisonment etc. etc. etc."

## II.  DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Furthermore, an actionable civil rights claim "'requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [the

plaintiff] must allege specific facts of <u>personal involvement</u> in, or direct responsibility for, a deprivation of his constitutional rights.'" <u>Clemmons v. Armontrout</u>, 477 F.3d 962, 967 (8th Cir.), <u>cert</u>. <u>denied</u>, 128 S.Ct. 155 (2007), quoting <u>Mayorga v. Missouri</u>, 442 F.3d 1128, 1132 (8th Cir.2006) (emphasis added). <u>See also</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (same). In other words, a civil rights complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights. <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999). <u>See also</u> <u>Beck v. LaFleur</u>, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claim, because complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

Plaintiff's current pleading fails to state an actionable civil rights claim against any of the named Defendants, because there are no factual allegations suggesting that any of the Defendants had any <u>personal</u> involvement in any of the matters alluded to in the complaint. The complaint does not describe any specific acts or omissions by any of the named Defendants that violated Plaintiff's constitutional rights.

It appears that, for the most part, Plaintiff is seeking to hold Defendants vicariously liable for alleged misdeeds of their subordinates. It is well settled, however, that in civil rights cases, state employees cannot be held vicariously liable for the alleged misconduct of their subordinates, because the doctrine of respondeat superior is not applicable in such cases. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978).

Again, Plaintiff's complaint does not allege any facts showing that any of the named Defendants personally violated his constitutional rights. Therefore, Plaintiff has failed to

plead an actionable civil rights claim.[1]

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's current complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will further recommend that Plaintiff's request for appointment of counsel, (Docket No. 3), be denied, because he has shown no reason to believe that he can present a viable claim for relief. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Finally, the Court notes that this is the seventh action that Plaintiff has attempted to bring in this District during the past three years. As far as the Court can tell, all of Plaintiff's prior actions – like this one – have failed to survive preliminary, sua sponte, screening. It appears to the Court that Plaintiff has grossly abused the federal court system, and that he is incapable of presenting any viable claim for relief. Therefore, the Court recommends that the presiding District Court Judge in this case should seriously consider whether it would be appropriate to restrict Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless

---

[1] Plaintiff's claims against the State of Minnesota would have to be dismissed even if he had alleged some specific constitutional wrongdoing by the State itself, because "[g]enerally, 'in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" Egerdahl v. Hibbing Community College, 72 F.3d 615, 618-19 (8th Cir. 1995), quoting Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).

he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.[2]

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 12, 2009
          s/ *Jeanne J. Graham*
          JEANNE J. GRAHAM
          United States Magistrate Judge

**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **JANUARY 27, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.

---

[2] Plaintiff was previously warned that if he continued to file inactionable lawsuits in this District, it might become necessary to restrict his right to bring new cases. See Miller v. Coleman, Civil No. 07-3956 (JRT/FLN), Report and Recommendation dated September 19, 2007, [Docket No. 4], at p. 6. In light of the gross inadequacy of Plaintiff's current pleading, this Court believes that the time to impose such restrictions has now come.