UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TYRONE DWAYNE MILLER, | Civil No. 08-6555 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF MINNESOTA, JESSE VENTURA, TIM PAWLENTY, MIKE HATCH, RICHARD VARCO, JR., LORI SWANSON, SHERYL RAMSTAD-HVASS, and RICHARD dANDERSON, | |
| Defendants. | |

Tyrone Dwayne Miller, 4911 University Avenue Northeast, Apartment #8, Minneapolis, MN 55421, plaintiff *pro se*.

This case is before the Court on *pro se* plaintiff Tyrone Miller's objections to a Report and Recommendation filed on January 12, 2009.  United States Magistrate Judge Jeanne J. Graham recommended that this Court summarily dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and deny Miller's application to proceed *in forma pauperis* ("IFP").  After a *de novo* review of the Magistrate Judge's Report and Recommendation, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b), the Court overrules Miller's objections and adopts the Report and Recommendation for the reasons stated below.

## BACKGROUND

Miller brings this civil rights action under 42 U.S.C. § 1983 against the State of Minnesota and several current and former high-ranking Minnesota government officials. Miller alleges that over the course of four decades, defendants violated his federal constitutional rights by failing to properly diagnose certain ailments in 1972-1973, which led to "possible liver and kidney failure any day now;" failing to prevent him from being trampled and injured while at a musical concert in Bloomington, Minnesota in 1975; failing to provide him with proper medical care for a bleeding bladder in 1983 and 1984 after "being wrongfully discharged from the United States Military;" denying him adequate medical care while in the custody of the Department of Corrections; wrongfully detaining him in jail and prison from 2001 to 2003; and denying him assistance from private attorneys in previously filed actions. Miller seeks "money damages and punitive damages for all . . . past and present continued pain and suffering, wrongful imprisonment ect. [sic]." (Complaint, Docket No. 1 at 8.)

The Magistrate Judge held that Miller's complaint failed to state an actionable civil rights claim "because there are no factual allegations suggesting that any of the Defendants had any **personal** involvement in any of the matters" alleged in the complaint. (Report and Recommendation, Docket No. 5 at 3.) Consequently, the Magistrate Judge recommended that the Court deny Miller's IFP application, summarily dismiss the action under 28 U.S.C. § 1915(e)(2)(B)(ii), and deny Miller's request for appointment of counsel. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Miller now objects to the Report and Recommendation.

## DISCUSSION

**I.     STANDARD OF REVIEW**

An IFP application will be denied, and "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996).  To properly state a claim, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  That is, a plaintiff must state "a claim to relief that is plausible on its face." *Id.* at 1974.

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when considering a dismissal of the case for failure to state a claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  A *pro se* complaint, however, must contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

**II.    OBJECTIONS TO THE REPORT AND RECOMMENDATION**

To state an actionable civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of State law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of . . . supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation

of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir.), *cert. denied*, 128 S. Ct. 155 (2007) (internal quotation marks omitted). A local government generally may not be sued under § 1983 for injuries caused "solely by its employees or agents."[1] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Miller argues generally that the Magistrate Judge's conclusions were in error and cites general propositions of law that do not directly address the substance of the Magistrate Judge's recommendations. Even under a liberal construction of his *pro se* pleadings and his latest arguments, however, Miller's complaint fails to state a claim on which relief may be granted and the case must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As an initial matter, Miller fails to state a claim against the State of Minnesota. First, Miller did not plead that the State of Minnesota engaged in any specific constitutional wrongdoing. Moreover, the Eleventh Amendment prohibits Miller from asserting a claim against the State in the absence of the State's consent. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995). Miller also failed to properly plead a claim against the individually named defendants because he did not plead specific facts establishing those defendants' "personal involvement in, or direct responsibility for" the alleged constitutional violations. It appears that Miller is attempting to hold the

---

[1] A municipality or local governmental unit may be held liable under 42 U.S.C § 1983 for the unconstitutional acts of its officials or employees only when those acts are taken pursuant to an unconstitutional policy or custom. *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Miller, however, does not plead that a "policy or custom was the moving force behind the [alleged] constitutional violation[s]." *See id.* at 1204.

individual defendants liable for the actions of their subordinates, but such claims fail because state employees may not be held vicariously liable for the actions of their employees or agents unless those actions are pursuant to an unconstitutional custom or policy. *See Monell*, 436 U.S. at 694.

In short, Miller's complaint fails to state an actionable claim. As a consequence, the Court agrees with the Magistrate Judge that this case must be summarily dismissed and that Miller's motion to proceed IFP must be denied. Miller's request for appointment of counsel is also denied because Miller has not presented a viable claim for relief. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

The Magistrate Judge also recommended that the Court consider restricting Miller from filing additional actions in the District of Minnesota. Over the span of three years, Miller has filed eight actions in the District of Minnesota, including the present case and a new case that was filed on March 26, 2009. The six already-adjudicated actions failed to survive preliminary *sua sponte* review by the district court; here, the Court is recommending that the seventh complaint also be dismissed for failure to state a claim. The eighth action, which alleges violations of the federal Fair Housing Act, appears similarly deficient. Under those circumstances, the Court agrees that Miller should be restricted from filing additional actions in the District of Minnesota unless he is

represented by counsel or obtains prior written authorization by a district court judge or magistrate judge from the District of Minnesota.[2]

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** Miller's objections [Docket No. 6] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated January 12, 2009, [Docket No. 5]. **IT IS HEREBY ORDERED** that:

1. Plaintiff Tyrone Dwayne Miller's Application to Proceed Without Prepayment of Fees [Docket No. 2] is **DENIED**.

2. Miller's Request for Appointment of Counsel [Docket No. 3] is **DENIED**.

3. Miller's Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

4. Miller's Motion for Default Judgment as to Defendants [Docket No. 7] is **DENIED**.

5. Miller's Motion to Compel [Docket No. 8] is **DENIED**.

6. Miller's Motion for Settlement [Docket No. 10] is **DENIED**.

7. Miller's Motion for Order for Alberto Gonzales to Pay $350,000 [Docket No. 12] is **DENIED**.

8. Miller's requests as outlined in Docket Numbers 14-21 are **DENIED**.

---

[2] As the Magistrate Judge noted in the Report and Recommendation, Miller was previously warned that his persistence in filing untenable lawsuits could lead to such a restriction. *Miller v. Coleman*, Civ. No. 07-3956 (JRT/FLN), Report and Recommendation, Docket No. 4 at 6 (Sept. 19, 2007).

-7-

**IT IS FURTHER ORDERED** that plaintiff Tyron Dwayne Miller is prohibited from filing any new lawsuits in the District of Minnesota unless he is represented by counsel or obtains prior written approval from a United States District Court Judge or United States Magistrate Judge in the District of Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:  May 6, 2009                       ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                      United States District Judge