| | |
|---|---|
| Tyrone Dwayne Miller, | Civil No. 08-6555 (JRT/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| State of Minnesota, et al., Jesse Vantura, Tim Pawlenty, Mike Hatch, Richard Vargo Jr., Lori Swanson, Sheryl Ramsted Hass, and Richard Anderson, | |
| Defendants. | |

Plaintiff commenced this action by filing a self-styled civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). Plaintiff's IFP application was denied, and the case was summarily dismissed before service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff's complaint failed to state a cause of action on which relief could be granted. (See Order dated May 6, 2009; [Docket No. 22].) A final judgment of dismissal was entered on May 7, 2009. (Docket No. 23.) On June 19, 2009, Plaintiff filed a notice of appeal. (Docket No. 26.) Plaintiff has also filed a series of post-judgment motions, which are now pending before the Court. Those motions will be decided as discussed below.

A.  Motions for Reconsideration

Plaintiff has filed three requests for reconsideration of the judgment entered against him in this case. (Docket Nos. 24, 25 and 38.) Those requests can reasonably be construed as motions for relief from judgment brought under Fed. R. Civ. P. 60(b). Sanders v. Clemco Industries, 862 F.2d

161, 168-70 (8th Cir. 1988).[1]

Plaintiff has not identified any viable factual or legal grounds for setting aside the judgment in this case pursuant to Rule 60(b), (or otherwise). All of the arguments that Plaintiff has offered in support of his motions are incomprehensible, irrelevant, or unsupported. Therefore, Plaintiff's motions seeking reconsideration of the judgment of dismissal in this case will be summarily denied.

B. Motions for Extension of Time to Appeal

Plaintiff has also filed multiple requests to extend the deadline for filing an appeal in this case. (Docket Nos. 29, 30, 31 and 33.)

Fed. R. App. P. 4(a)(1)(A) states that an appeal in a civil case "must be filed within 30 days after the judgment or order appealed from is entered." In this case, Plaintiff did not file his notice of appeal until June 19, 2009, which was more than 30 days after judgment was entered. Therefore, Plaintiff's notice of appeal is untimely, unless the filing deadline is extended pursuant to Fed. R. App. P. 4(a)(5).[2]

Fed. R. App. P. 4(a)(5)(A) provides that –

"The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

---

[1] The only other conceivable basis for Plaintiff's motions for reconsideration would be Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment"), but motions brought under that rule must be filed "no later than 10 days after the entry of judgment." Plaintiff's earliest motion for reconsideration, (Docket No. 24), was filed on May 21, 2009, which was fourteen days after entry of judgment. Therefore, none of Plaintiff's motions for reconsideration could have been brought under Rule 59(e).

[2] Plaintiff's various motions for reconsideration, which have been construed as Rule 60(b) motions, do not affect the deadline for filing a notice of appeal, because all of those motions were filed more than ten days after the entry of judgment in this case. See Fed. R. App. P. 4(a)(4)(A)(vi).

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

The Court finds that Plaintiff has satisfied the first requirement of Rule 4(a)(5)(A), because his first request for an extension of the filing deadline, (Docket No. 29), was filed within 30 days after the deadline for filing his notice of appeal.[3]  However, the Court finds that Plaintiff has not satisfied the second requirement of Rule 4(a)(5)(A), because he has not shown "excusable neglect" for the lateness of his appeal, or "good cause" to allow him to file a late appeal.

The issue of whether a party has shown excusable neglect or good cause is to be resolved at the discretion of the district court, on a case-by-case basis.  Gibbons v. United States, 317 F.3d 852, 853-54 (8th Cir. 2003).  Courts may consider several factors when determining whether a party has shown good cause, including potential prejudice to other parties, the length of the delay at issue, and the "good faith" of the party seeking an extension of the filing deadline.  Id. at 854, citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  However, the most critical factor will always be the "reason-for-delay factor," i.e., the nature, credibility and persuasiveness of the excuse proffered by the moving party.  Gibbons, 317 F.3d at 854, quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).  "[T]he good cause standard 'applies in situations where there is not fault – excusable or otherwise[;]' i.e., 'the need for an extension is ... occasioned by something that is not within the control of the movant.'" Gibbons, 317

---

[3]  Judgment was entered on May 7, 2009.  Ordinarily, the deadline for filing a notice of appeal would have expired 30 days later, on June 6, 2009.  However, June 6, 2009, was a Saturday, and therefore, under Fed. R. App. P. 26(a)(3), the filing deadline did not actually expire until Monday, June 8, 2009.  Plaintiff's first motion to extend the filing deadline, (Docket No. 29), was filed on July 8, 2009 – exactly 30 days after the expiration of the deadline for filing his notice of appeal. Therefore, Plaintiff's motion to extend the filing deadline is deemed to be timely under Fed. R. App. P. 4(a)(5)(A)(i).

F.3d at 854, quoting Advisory Committee Notes to the 2002 Amendment to Fed. R. App. P. 4(a)(5), (citing Lorenzen v. Employees Ret. Plan, 896 F.2d 228, 232 (7th Cir.1990)).

In this case, Plaintiff has not presented any plausible excuse for not filing his notice of appeal during the 30-day period prescribed by Fed. R. App. P. 4(a)(1)(A). Plaintiff claims that he was "confused" about the filing deadline for his appeal, (Docket Nos. 29 and 33), but the Court does not find Plaintiff's claim of "confusion" to be a credible or acceptable. He obviously received timely notice of the judgment that was entered against him on May 7, 2009, because his first motion for reconsideration, (Docket No. 24), is dated May 11, 2009, and specifically refers to the "notice of dismissal." Thus, Plaintiff was well-aware of the final judgment in this case within a few days after it was entered. Furthermore, the judgment of dismissal in this case was accompanied by a "Civil Notice" from the Clerk's Office, which clearly apprised Plaintiff of his appeal rights, and clearly informed him that, under Fed. R. App. P. 4(a), a notice of appeal in a civil case must be filed within 30 days after the entry of judgment. Thus, Plaintiff's "confusion" excuse is plainly inadequate.

Plaintiff further alleges that the tardiness of his appeal should be excused because of, inter alia, (i) unidentified "new evidence," (ii) a judgment allegedly entered in another case (by a judge who played no role in this case), (iii) an unidentified "civil conspiracy," and (iv) "genocide and mass violence." (Docket No. 30.) Plaintiff also cites a "gag order" imposed on his mother and his aunt when he was a child, a cover-up of a sexual assault by a "German male" that occurred while he was in the military, and the "wealth unimaginable," ("including a golf course"), left to him by his father, uncle and grandparents. (Docket No. 31.) The Court finds that none of these odd matters – or anything else cited by Plaintiff – can be considered "excusable neglect or good cause" for purposes of Fed. R. App. P. 4(a)(5).

The Court recognizes that Plaintiff is a pro se litigant, who probably is not familiar with all of the procedural rules governing litigation and appeals in the federal court system. However, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005), cert. denied, 549 U.S. 865 (2006). In this case, Plaintiff did not comply with Fed. R. App. P. 4(a)(1)(A), because he did not file his notice of appeal within 30 days after entry of the final judgment of dismissal. He was properly notified of the entry of judgment, and he was informed of the deadline for filing a notice of appeal. Yet he did not comply with Rule 4(a)(1)(A). After considering all of Plaintiff's motions, affidavits and arguments, the Court finds that he has not satisfied the "excusable neglect or good cause" standard imposed by Rule 4(a)(5)(A). Therefore, Plaintiff's requests for an extension of the deadline for filing an appeal in this case will be denied.

C. IFP Application

Plaintiff did not tender the $455 filing fee for an appeal when he filed his notice of appeal in this case. However, he has filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 28.)

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To

determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Plaintiff's IFP application shows that he is not currently employed, and his only income is a Social Security Disability Insurance Benefit. Plaintiff apparently has no assets that could be used to pay the filing fee for an appeal. Based on the information furnished in Plaintiff's IFP application, the Court finds that he is financially eligible for IFP status.

The issue of whether Plaintiff's appeal is taken "in good faith" is not so easily resolvable. The Court remains fully satisfied that this action was properly dismissed, because Plaintiff has not presented any cause of action on which relief can be granted. Plaintiff's post-judgment submissions clearly show that he is burdened by delusions. Looking at the record as a whole, a court could readily conclude that Plaintiff's claims and appeal are "frivolous," even under the indulgent standard prescribed by the Supreme Court. Nevertheless, with great solicitude for Plaintiff's pro se status, the Court will overlook the deficiencies of his submissions, and grant his IFP application.

D. Other Pending Applications for Relief

Plaintiff has filed three other post-judgment requests for relief in this matter, which are currently pending before the Court – (1) a request to file new cases, (Docket No. 32);[4] (2) a "request of/for a writ of certiorari to the United States Supreme Court of America," (Docket No. 37); and (3) a motion for an injunction, (Docket No. 39). Plaintiff's request to file new cases will be denied,

---

[4] The order that caused this action to be dismissed, (Docket 22), requires Plaintiff to obtain pre-authorization from a District Court Judge before filing any new pro se civil actions in this District.

because he has not submitted any proposed complaint for any new case, and he has not shown sufficient factual or legal grounds for commencing a new action. Plaintiff's request for a writ of certiorari will be denied, without prejudice, because such requests must be presented to the Supreme Court. See Sup. Ct. R. 10-16. Finally, Plaintiff's motion for an injunction will be summarily denied, because he has not presented any factual or legal grounds for entering any injunction against any of the named Defendants in this action.[5]

E. Restriction on Future Submissions

Plaintiff has now filed more than 35 pro se submissions in this case, including sixteen since the case was dismissed. Over the course of time, Plaintiff's submissions have become increasingly incomprehensible, bizarre, redundant and abusive.

Pro se litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive documents. See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." Id. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable

---

[5] Plaintiff's motion for injunction is accompanied by a separate supporting document, identified by the Clerk as an "Exhibit." (Docket No. 39-1.) This document indicates that Plaintiff prepared his motion papers "while riding [on a] bus as thoughts travel through his mind." This could explain why Plaintiff's motion is so deficient.

restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292, 1293.

In light of Plaintiff's extensive record of pestiferous filings in this matter, the Court finds that it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Plaintiff. Therefore, any written materials pertaining to this case that are hereafter received from Plaintiff shall be presented to the Court without being filed. The Clerk of Court shall not file, or respond to, any future submissions from Plaintiff pertaining to this case, except as directed by the Court.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. All of Plaintiff's requests for reconsideration, and relief from judgment pursuant to Fed. R. Civ. P. 60(b), (Docket Nos. 24, 25 and 38), are DENIED;

2. All of Plaintiff's requests for an extension of the deadline for filing a notice of appeal in this case, (Docket Nos. 29, 30 and 33), are DENIED;

3. Plaintiff's application for leave to proceed in forma pauperis on appeal, (Docket No. 28), is GRANTED;

4. Plaintiff's request for permission to file new cases, (Docket No. 32), is DENIED;

5. Plaintiff's "request of/for a writ of certiorari to the United States Supreme Court of America," (Docket No. 37), is DENIED without prejudice;

6. Plaintiff's request for injunction, (Docket No. 39), is DENIED; and

7.  The Clerk of Court shall not file, or respond to, anything pertaining to this case that is received from Tyrone Dwayne Miller, except as expressly directed by the Court.

Dated: September 18, 2009

          s/John R. Tunheim
          JOHN R. TUNHEIM
          United States District Court Judge